In re Estate of Henry C. W. Eckey.

Oscar Eckey et al., Appellees, v. Henry Eckey et al., Appellants.

**WILLS:** Testamentary Right to Purchase. A provision in a will to the effect that testator's property be appraised, and equally divided among his children, with prior right in named devisees in possession to purchase at the appraised value, must, in the absence of fraud in the appraisement, be carried out.

*Appeal from Henry District Court.*—Oscar Hale, Judge.

NOVEMBER 22, 1921.

APPLICATIONS in probate to require the executor of decedent testator to convey to appellees certain real estate in conformity with the terms of the will. The material facts are stated in the opinion. The trial court sustained the appellees' contentions.—*Affirmed*.

*J. V. Gray* and *J. C. McCoid*, for appellants.

*Seerley & Clark* and *W. F. Kopp*, for appellees.

DE GRAFF, J.—The will of Henry C. W. Eckey was duly admitted to probate February 25, 1918, and Henry Eckey, Jr., nominated in the will, was appointed and duly qualified as executor.

After providing for the payment of debts and making a bequest of $1,200 to Ernest Eckey, a son, the will contains the following provisions:

"III.   That the balance of my property, both real and personal, be appraised and divided equally between my children. This being divided in eight equal parts."

"V.  My real estate to be appraised by three disinterested parties. I nominate and appoint V. E. Lauer, W. E. Buchanan and Aug. C. Wick, as the three appraisers."

"VI.  If any of my children reside on any of said real estate, they to have first chance to purchase same at appraised value."

On March 22, 1918, under a commission issued by the clerk of the district court, the appraisers named in the will appraised the property belonging to the estate. The land in controversy consisting of two different parcels of 100 acres each was appraised respectively in the sums of $23,800 and $24,500.

At the time of the death of the testator, Walter Eckey, son of the testator, was residing on one tract and had been residing there since 1906. Oscar Eckey, another son of testator, was at said time residing on the other tract and had been residing there about ten consecutive years.

On January 29, 1919, Oscar Eckey and Walter Eckey each served upon the executor written notice of his election to pur-

chase the tract upon which he was residing at the appraised value, and each in his notice tendered payment to the executor of the appraised value.

About February 26, 1919, Oscar and Walter each filed an application in the probate proceeding asking an order requiring the executor and such other of the heirs as might be necessary to convey to him the particular parcel of land on which he was residing upon the payment of the appraised value.

To these applications, answers were filed by the executor and legatees, appellants herein, alleging among other things, that the values fixed by the appraisements were not fair values, and that appellees had elected not to purchase the land under the will, but to share equally with the other legatees.

It further appears that about the 18th day of April 1918 the executor filed an application in the probate proceeding for the construction of the will and for authority to convey, and on the same day there was filed a petition by part of the legatees against the others for a partition of the lands belonging to the estate of decedent, including the parcels above described. By agreement of the parties all of the above proceedings in connection with the real estate covered by the will were tried together, which resulted in a decree in which the court found that the appellees, Oscar Eckey and Walter Eckey, had the right to purchase the respective parcels of land upon which they resided at the time of the death of testator at the appraised values, and that they had elected to so purchase and title was confirmed in them upon the payment of the said appraised values.

From this decree, the executor and part of the devisees other than Walter and Oscar Eckey appeal, and present in argument two questions which we shall consider in their order:

1. It is first contended by appellants that the will did not give to the appellees the right to take the land on which they lived, at the appraised value. In this contention we cannot agree. There is no doubt as to the intention of the testator. The language of the will is clear. It provides that any of the testator's children residing on any of his real estate at the time of his death shall have the first chance to purchase the same at the value to be fixed by three appraisers named by the testator in his will.

There is no dispute but that Oscar Eckey and Walter Eckey resided upon the tracts of land which the court decreed they had the first chance to purchase. The appraisers fixed the values and there is no claim or evidence that they acted otherwise than in good faith. The testator had the right to dispose of his property as he saw fit, either by absolute gift or by sale at a price to be fixed in manner agreeable to him. What his reason was for making such a will is not material, although it may well be suggested that in his judgment, the appellees having resided for so many years upon the land in question, had added to its value and therefore had a prior right of purchase. See *Snyder v. Snyder*, 75 Iowa 255.

2. It is further contended by appellants that if the will did give Oscar and Walter the right to purchase at the appraised value, they had each made an election of remedies to take their equal shares with the other heirs and were bound by that election.

We do not find any election of remedies disclosed by the record. The only election either of the appellees made was to purchase the land offered him by the will at the price fixed thereunder. That right they exercised within the year after the will was probated. There is nothing in their acts or in the pleadings filed in their behalf inconsistent with their purpose to make that election. While it is true they did acquiesce in the filing of the application for a construction of the will and the filing of the petition in the partition suit, yet those proceedings were proper for the purpose of obtaining an order or decree of the court fixing the method of conveying the property and turning the assets of the estate into money that it might be readily distributed.

The decree of the district court should be and it is—*Affirmed.*

EVANS, C. J., WEAVER and PRESTON, JJ., concur.