216 N.W.2d 349 (1974)
In the Matter of the ESTATE of Carl E. LORIMOR, Deceased.
Wilma MOORE et al., Appellants,
v.
Marian H. LORIMOR et al., Appellees.
No. 56000.
Supreme Court of Iowa.
March 27, 1974.
*350 Webster, Jordan & Oliver, Winterset, and Nichols & Leonard, Sidney, for appellants.
L. T. Genung, Glenwood, and Getscher, Redd & Getscher, Hamburg, for appellees.
Heard before MOORE, C. J., and MASON, UHLENHOPP, HARRIS and McCORMICK, JJ.
MASON, Justice.
In this probate proceeding certain residuary beneficiaries under the will of Carl E. Lorimor appealed from the district court's ruling sustaining motions to strike and dismiss their objections to appraisers' return of appraisement filed in decedent's estate.
Carl E. Lorimor died February 13, 1972, survived by his wife Marian and seven children. His will was admitted to probate February 24 and his wife and son, Merritt B. Lorimor, were appointed executors. Testator first provided for payment of his debts and the charges against his estate.
In the second paragraph Lorimor made certain specific bequests. In the third clause testator devised the remainder of his property to his seven children in equal shares. In the second paragraph of this provision testator gave his sons, Merritt and Newell Lorimor, who were farming his land, opportunity to purchase his farm land at a fair and reasonable price.
In order that such provision might be accomplished the testator directed that his farm land "shall be appraised by three competent disinterested appraisers appointed by the Court, at its fair and reasonable market value, as determined by the appraisers. * * * and that said beneficiaries * * * shall have the right to acquire the farm at the appraised value. On the same basis as though the land were sold with possessions and settlements to be delivered and made on March 1, following my death." (Emphasis supplied).
June 13 executors filed application to construe Lorimor's will and appoint appraisers. They alleged some doubt existed as to the true meaning and interpretation of the portion of decedent's will emphasized above, the will being unclear and ambiguous in that respect. The executors contended the true and proper construction of the will in light of all of its terms, the nature of the transaction and surrounding circumstances, was that the reference to March 1, the customary date of settlement of farm sale contracts, was to establish a criterion for valuation of the land and particularly to eliminate any questions as to the effect crops growing on the premises, or rent accrued, might have upon the value of the land; thus, the land was to be appraised and valued as of the date of decedent's death unaffected by any crops which might have been growing on the premises or rents accrued.
They alleged it was necessary to appoint three competent disinterested persons to appraise said real estate in order to carry out the provisions of the will.
The court entered an order setting the time and place of hearing on the application for July 5, 1972, and directed notice of hearing thereon be given to all interested parties.
June 17 the court entered an order appointing the Fremont County inheritance tax appraisers to appraise decedent's real estate and directed them to file a report of such appraisement on or before July 14, 1972.
The order further provided notice be given to the interested parties of the time and place of appraisement, the time for filing the appraisers' report and the time within which to file objections.
July 6 the court decreed that the true and proper construction of the will was that the reference to possession and settlement *351 on March 1, the customary date of settlement of farm contracts, was to establish a criterion for valuation of the land and particularly to eliminate any questions as to the effect growing crops on the premises or rents accrued might have on the value of the land. The order provided the land was to be appraised and valued as of the date of decedent's death, February 13, 1972, unaffected by any crops which might have been growing on the premises or rents accrued.
July 22 Alden Lorimor, individually and as trustee, Wilma Moore, Evans Lorimor, and Truman Lorimor filed objections to the appraisers' report.
They alleged, among other things, the persons appointed by the court as appraisers being the Iowa Inheritance Tax Appraisers for Fremont County did not faithfully and impartially without prejudice value and appraise the real estate to the best of their knowledge and belief because of supposedly misunderstanding the instructions in the commission and by reason of prejudice naturally arising from their status as inheritance tax appraisers.
The objectors also asserted persons appointed were not disinterested appraisers and failed to appraise the land at its fair and reasonable market value. They further stated the appraised values were so far below the fair and reasonable market value of the land as to make the result grossly unfair and unjust, partial to the option purchasers, detrimental to the beneficiaries and contrary to the testator's intent. They alleged the appraisal disregarded the value of irrigation equipment, thus violating the instructions.
In the final five paragraphs the objectors stated what they believed to be the fair and reasonable market value of the various parcels of real estate involved.
The executors and the two beneficiaries granted the option to purchase under the decedent's will filed motion to strike and dismiss the objections. They asserted in motion to strike that the objections urged were not proper allegations of ultimate facts, but attempts to plead only redundant speculation, surmise, conjecture and improper conclusions, not stating or supported by any statement or allegation of ultimate fact or essential to any right of action. This allegation is repeated as to each paragraph of the objections as a basis for motion to strike. They further stated the method of valuation set forth in the objections was incompetent and immaterial under the terms of the will.
In motion to dismiss they alleged decedent had a right to dispose of his property in the prescribed manner and the appraisal had been done in compliance with the terms of the will by qualified personnel and could not be impeached by "mere surmise, conjecture, or difference of opinion as to what the value might be."
In the final paragraph of their motion to dismiss they alleged the objectors had failed to allege bad faith or fraud on the part of the appraisers and set forth no basis upon which relief prayed for could be granted.
The objectors filed resistance alleging they had a right to object by virtue of the order of court entered June 17.
October 5, 1972, the court found the terms and intent of the will had been complied with, there was no allegation of fraud or bad faith in the objections, and therefore the motions to strike and dismiss were sustained.
The only issue presented by objectors' appeal is the correctness of the district court's order sustaining the motion to strike and dismiss the objections to the appraisers' return.
They rely on six brief points for reversal in which they contend: (1) sustaining the motions was tantamount to judgment on the pleadings which admits all facts well pleaded; such a motion should not be sustained unless it appears on the face of *352 the pleading that movant is entitled to judgment as a matter of law; (2) if uncertainty exists as to testator's true meaning the will is ambiguous and extrinsic evidence should have been received; (3) it is not necessary to allege fraud or bad faith to show that the appraisers did not follow testator's directions and intent; (4) Iowa inheritance tax appraisers are not necessarily disinterested parties; (5) the executors were not proper parties to make decisions when beneficiaries differ; and (6) the court improperly overruled an earlier court order.
I. The primary question concerns the required allegations in the objections to the return of appraisement. As stated, the residuary beneficiaries who objected to the appraisal did not allege "bad faith" or "fraud" on the part of the appraisers. Executors and option purchasers rely on two Iowa cases for the contention that such allegation is necessary, and failure to so allege is grounds for dismissal.
In re Estate of Eckey, 192 Iowa 572, 573-575, 185 N.W. 118, 119, is one of those cases. There testator provided in the third clause of his will "that the balance of my property, both real and personal, be appraised and divided equally between my children. This being divided in eight equal parts." The will clause involved gave any of decedent's children residing on any of his real estate the first chance to purchase the same at the appraised value. In another provision testator specified who were to be the appraisers. In that clause he stated, "V. My real estate is to be appraised by three disinterested parties. I nominate and appoint * * * [names of three men]."
Oscar and Walter Eckey, the two sons living on decedent's land, filed application in the probate proceeding to have the land conveyed to them. The executor and other legatees filed answers, alleging, inter alia, that the values fixed by the appraisers were not fair values. The court stated that the testator's intent was clear that any of his children living on the land at the time of his death would have the first chance to purchase the land; the price would be as determined by the three named appraisers. Furthermore, there was no dispute that Oscar and Walter Eckey were living on the land at testator's death, and the appraisal had been made by the three men specifically named in the will. Finally, the court stated, "The appraisers fixed the values, and there is no claim or evidence that they acted otherwise than in good faith." Thus, the matter had actually gone to a hearing and evidence was taken. There was no dismissal of that part of the petition re unfair appraisal prior to trial.
In re Estate of Giffin, 166 N.W.2d 800, 801-803 (Iowa 1969), the other case relied on, followed and expanded on Eckey's rule. Decedent's will, admitted to probate, stated: "`All real estate owned by me at the time of my death shall be appraised by the inheritance tax appraisers, and the said John A. Bright and Earl V. Bright, or either of them, shall have the opportunity to purchase said real estate at the appraised value thereof. * * *'"
Residuary distributees who would benefit from any increase in the price to be paid by either optionor, objected to the appraisal. The objections recited that the real estate was appraised at an average of $287.87 when its actual value was approximately $560.00 per acre. They further alleged the appraisers failed to follow chapter 450, The Code, and specifically, section 450.37, which provides that the appraised value shall be the "market value in the ordinary course of trade."
The district court sustained a motion to dismiss because the objection set forth no basis upon which relief asked for could be granted.
This court stated the first task was to determine the intent of the testator as to how the appraisal was to be made; it was held that the provisions of chapter 450 were not by implication a part of the will but that, rather, testator merely intended to identify the persons who were to make the *353 appraisal. Given this construction of the will the court stated the principle of In re Estate of Eckey, supra, is controlling: "The case then comes squarely within the rule of In re Eckey's Estate, 192 Iowa 572, 575, 185 N.W. 118, 119, where we held under similar circumstances that the value fixed by the appraisers named in the will was controlling in the absence of bad faith or fraud. No such allegations are made by these objectors. This is also decisive of the contention that the objections filed could not be properly disposed of on a motion to dismiss." In Giffin it was conceded testator might provide for the sale of her real estate to whomever she selected, at whatever price she determined, if the intention is manifest from her will. Id., 166 N.W.2d at 801.
Objectors concede the principle stated in the two cases cited but seek to avoid its application in the present case by urging this court to adopt either of two arguments proposed.
In one argument objectors attempt to circumvent the rule stated in the cited cases by insisting that although they did not use the specific terms "bad faith" or "fraud," they were alleged in substance. Of course, it is not necessary to specifically charge the one against whom a claim of fraud is asserted with the terms "fraud" or "bad faith" provided the facts alleged are such as would constitute fraud or bad faith in themselves or are facts from which fraud or bad faith will be necessarily implied.
Fraud is never presumed and whenever it constitutes an element of a cause of action or of an affirmative defense or is a foundation of a right sought to be established, the ultimate facts relied on to constitute the essential elements requisite to maintain an action for fraud must be pleaded in clear and positive terms. Miller v. Lawlor, 245 Iowa 1144, 1157, 66 N.W.2d 267, 275, 48 A.L.R.2d 1058.
It is not sufficient to allege fraud in general terms or in terms which amount to mere conclusions.
A fair summary of the facts alleged by the objectors has been set out earlier in this opinion.
Bearing in mind the essential elements of fraud and recognizing that proof essential to establish fraud in law and in equity is distinguishable in that scienter is not an essential element to constitute fraud in equity, the objectors simply do not allege fraud. First National Bank in Lenox v. Brown, 181 N.W.2d 178, 181 (Iowa 1970); Detrick v. Aetna Casualty and Surety Co., 261 Iowa 1246, 1255-1257, 158 N.W.2d 99, 105-106; and Lorenzen v. Langman, 204 Iowa 1096, 1098, 216 N.W. 768, 769.
In regard to bad faith, Black's Law Dictionary, p. 176, defines it as follows: "The opposite of `good faith,' generally implying or involving actual or constructive fraud, or a design to mislead or deceive another, or a neglect or a refusal to fulfill some duty or some contractual obligation, not prompted by an honest mistake as to one's rights or duties, but by some interested or sinister motive."
Examination of the allegations asserted in the objections compels the conclusion bad faith was not alleged.
Objectors' argument the wording of their objections in substance alleged bad faith or fraud is untenable.
In the other argument objectors contend Eckey and Giffin are factually different from the present case. They insist Eckey is distinguishable since the testator there specifically named the appraisers and gave his children the right to purchase the land at the appraised value fixed by them. He did not direct that the appraisement be at a fair and reasonable market value. Eckey did provide, however, that disinterested persons were to *354 perform the appraisement. Likewise, they contend Giffin may be distinguished on the basis testator specifically appointed the local inheritance tax appraisers as appraisers of the property passing under the will. Further, the testator directed purchasers would have the right to purchase at the appraised values.
In the present case Lorimor directed purchasers would have the right to purchase at the appraised values.
In the present case Lorimor directed the court to appoint three competent disinterested persons to appraise his land at its fair and reasonable market value and granted two of his sons the option to purchase at the fair and reasonable market value as determined by the appraisers.
In other words, as we understand objectors' argument they seek to avoid the necessity of pleading bad faith or fraud in order to set aside the appraisement by insisting that in Eckey and Giffin the testator expressed the intent that designated beneficiaries be given the option to purchase certain real estate at the price fixed by the nominated appraisers while in the present case the option given was to purchase at the fair and reasonable market value. Actually, the testator first used the phrase, "at a fair and reasonable price." In the next sentence he used the phrase, "at its fair and reasonable market value." However, objectors do not claim any significance for this variation.
They argue since it was testator's express intent his residual estate be given to his children, "equally, share and share alike," and that Merritt and Newell Lorimor should have the option to purchase the land at its fair and reasonable market value, it is important to determine whether decedent's land was in fact appraised at its fair and reasonable market value as directed by the will and the intent of the testator.
As in Giffin the objectors as residuary distributees would benefit in any increase in the price at which Merritt and Newell buy the land since the greater the value, the larger their residuary shares.
The difficulty with objectors' argument lies in the fact that in speaking of the testator's express intent they completely ignore the effect of Lorimor's use of the words, as determined by the appraisers, immediately following the phrase, "at its fair and reasonable market value." It is our view the use of the words, "as determined by the appraisers," is to make clear testator's intent the price to be paid was the fair and reasonable market value of the land as determined by the appraisers.
The testator had a right to grant an option such as he gave two of his sons to purchase his land and prescribe the method for arriving at the price to be paid. In clear unambiguous terms he chose to authorize the court admitting his will to probate to name three disinterested persons to fix the price to be paidits fair and reasonable market value as determined by the appointed appraisers. The fair and reasonable market value fixed by the appraisers was controlling in the absence of bad faith or fraud. Hence, in the absence of an allegation of bad faith or fraud the objectors set forth no basis upon which the relief asked for could have been granted. In re Estate of Giffin, 166 N.W.2d at 802-803.
II. It follows from what has been said in division I objectors' contention the trial court erred in finding there had been compliance with the terms of decedent's will and with the testator's intent is without merit.
III. We have considered the other assignments urged by objectors and find each to be untenable.
The case is therefore
Affirmed.