IN RE ESTATE OF FRIEDA BOCK, DECEASED. IDOLA BOCK OVERBECK, APPELLANT, V. ESTATE OF FRIEDA BOCK, DECEASED, ET AL., APPELLEES.

251 N. W. 2d 872

Filed March 30, 1977. No. 40694.

Christensen Law Offices, for appellant.

F. W. Carstens, for appellees.

Heard before SPENCER, BOSLAUGH, NEWTON, and BRODKEY, JJ., and BURKE, District Judge.

BURKE, District Judge.

Frieda Bock died testate on November 27, 1973. She appointed her sons, Ralph Bock and Oscar Bock, as executors of her estate.

The appellant, Idola Bock Overbeck, is a daughter of Frieda Bock and a devisee, legatee, and residuary distributee under the will. She appeals from an order of the trial judge approving and affirming the appraisal of Keith N. Krecklow fixing the fair mar-

ket value of certain real estate covered by the will.

Clauses 3A and B of the will read:

"3. I hereby devise and bequeath all the residue of my estate as follows:

"A. A ⅓ interest to my daughter, Idola Bock Overbeck; a ⅓ interest to my daughter, Elda Bock Blount; a 1/9 interest to my grandchild, Wesley Cole; a 1/9 interest to my grandchild Cynthia Cole, and a 1/9 interest to my grandchild, Vickie Cole, in the following described real estate: The East Half (E½) of the Northeast Quarter (NE¼) and the Northwest Quarter (NW¼) of the Northeast Quarter (NE¼) in Section Ten (10), Township Four (4), Range Three (3), Jefferson County, Nebraska.

"B. I give to my son, Ralph Bock, the right and privilege to buy the Southeast Quarter (SE¼) of Section Three (3), Township Four (4), Range Three (3), Jefferson County, Nebraska, within six months after my death. If within six months after my death, he elects to purchase the above described real estate, the price which he shall pay therefor shall be determined and fixed by the individual or person who appraises real estate for the Federal Land Bank in Gage County, Nebraska. The executors shall obtain the services of said appraiser from the Federal Land Bank in Gage County, Nebraska, and request that he make an appraisal of said real estate to determine its fair and reasonable market value as of the date of my death. If the Federal Land Bank appraiser is unavailable or unable to make said appraisal, I then direct that the real estate firm of Eyth-Krecklow, Beatrice, Nebraska, shall make said appraisal. The price to be determined by either the Federal Land Bank appraiser or Eyth-Krecklow shall be the purchase price which Ralph shall be required to pay for said real estate if he desires to purchase.

"If Ralph elects to buy said real estate the purchase price which he pays therefor shall be dis-

tributed in the same manner and in the same proportions as provided for in the distribution of the real estate in Paragraph 3A above. If Ralph elects not to purchase said real estate, then I give said real estate in absolute title to the same persons in the same proportions as set out in Paragraph 3A above, it being my intention that either the purchase price derived from the sale of said real estate to Ralph, or the real estate itself, if Ralph elects not to buy, shall be given to and be received by my daughters, Idola Bock Overbeck, and Elda Bock Blount, and the children of my deceased daughter who are Wesley Cole, Cynthia Cole and Vickie Cole.''

Pursuant to the directions of the testatrix the lawyer for the executors first contacted Willis J. Berry, manager of the Federal Land Bank Association in Gage County, and requested that he appraise the real estate in Jefferson County. Mr. Berry declined the request stating that company policy prohibited such activity.

Next, the attorney, pursuant to the directions of the testatrix, contacted and retained Mr. Krecklow of the real estate firm of Eyth-Krecklow to appraise the real estate in Jefferson County.

On April 2, 1974, Mr. Krecklow submitted a written appraisal report fixing the fair market value of the real estate described in Clause 3B of the will at $36,800.

On April 29, 1974, and within the 6-month period provided by the will, Ralph Bock exercised his option to purchase the real estate at the appraised value and filed his notice of election to purchase with the county court.

An option to purchase property of an estate, whether it be at an appraised value, or at a price named or agreed upon, may be created by will. Watson v. Riley, 101 Neb. 511, 164 N. W. 81.

The appellant in her appeal to the District Court from an order of the county court overruling her ob-

jection to the valuation placed on the real estate by Mr. Krecklow charged that the executors and their attorney breached their fiduciary duties, acted in bad faith in obtaining the appraisal, and were guilty of constructive fraud.

A close, careful examination of the record reveals that her charges are without foundation in fact, and border on being reckless and irresponsible.

In an effort to support her charges she produced an expert witness at the trial who testified that in his opinion the fair market value of the real estate was $50,400.

The appraisal of real estate is not an exact science. Had the testatrix intended to have the fair market value of the real estate fixed by the composite judgment of a panel of real estate appraisers, she could have selected the panel or directed the county judge to select the panel. She did neither. She personally selected a single appraiser and directed that the price determined by the appraiser would be the purchase price.

The cardinal rule in construing a will is to ascertain and effectuate the intention of the testatrix if such intention is not contrary to law. Wondra v. Platte Valley State Bank & Trust Co., 194 Neb. 41, 230 N. W. 2d 182.

The appraiser selected by the testatrix was a professional farm manager, real estate broker, and appraiser. He was not acquainted with Ralph Bock and at the time he made his appraisal he was not aware that under the terms of the will Ralph Bock was given an option to purchase the property which was the subject of his appraisal.

In making his determination of fair market value, Mr. Krecklow visited the site alone on three occasions, walked over it, examined the soil, and studied the soil map prepared by the Soil Conservation Service in Jefferson County. In addition, he analyzed comparable sales in the area.

Under a will providing that a son of the testatrix who, also, was designated as executor of her estate be granted an option to purchase certain real estate at its fair market value to be fixed by an appraiser named in the will, the value fixed by the appraiser named in the will is controlling in the absence of bad faith or fraud. In re Estate of Eckey, 192 Iowa 572, 185 N. W. 118 (1921); In re Estate of Giffin, 166 N. W. 2d 800 (Iowa, 1969); In re Estate of Lorimor, 216 N. W. 2d 349 (Iowa, 1974).

The intention of the testatrix is the polestar by which the judge must be guided. Her intention was clear and her directions were carried out to the letter by the attorney for the executors. The appellant's bare allegations of bad faith or fraud remain precisely that — bare allegations.

If a judge, aided by hindsight and the ingenuity of counsel, assumes the role of a rewrite man in construing a will to attain what he believes to be wise or beneficial, results, full of mischief, will follow.

For the reasons stated, the judgment of the trial court is affirmed.

AFFIRMED.